UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SAAVEDRA, | 1:12-CV-00796 GSA HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MATTHEW CATE, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the Magistrate Judge.

On May 15, 2012, Petitioner filed the instant petition for writ of habeas corpus in this Court. He claims he has been denied eligibility to earn credits against his sentence in violation of the Ex Post Facto Clause.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

1 dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, ⸺ U.S. ⸺, 131 S.Ct. 770, 785, 178 L.Ed.2d 624 (2011), citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785, citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, ⸺ U.S. ⸺, 131 S.Ct. 733, 737, 178 L.Ed.2d 649 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. Cullen v. Pinholster, ⸺ U.S. ⸺, 131

S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). "A state court's determination that a claim lacks merits precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller–El v. Cockrell, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976–77 (2004).

Further, federal habeas courts review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

C.  Ex Post Facto

Petitioner contends that the January 25, 2010, amendment to California Penal Code § 2933.6, which denies credits to inmates who are validated prison-gang associates and who are housed in the security housing unit, violates the Ex Post Facto Clause because it changes the consequences of his 2009 gang validation to his disadvantage by denying him the ability to earn credits against his sentence, thereby lengthening his sentence.

On January 25, 2010, California Penal Code section 2933.6(a), regarding sentence reduction conduct credits, was amended to read:

> (a) Notwithstanding any other law, a person who is placed in a Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or an Administrative Segregation Unit for misconduct described in subdivision (b) or upon validation as a prison gang member or associate is ineligible to earn [sentence reduction conduct] credits pursuant to Section 2933 or 2933.05 during the time he or she is in the Security Housing Unit, Psychiatric Services Unit, Behavioral Management Unit, or the Administrative Segregation Unit for that misconduct.

In order for a law to be ex post facto, it must be both disadvantageous to the offender and retrospective. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). To

determine if a law is retrospective, "[t]he critical question is whether the law changes the legal consequences of acts completed before its effective date." Id. at 31.

In Weaver, the Court noted "the ex post facto prohibition ... forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." 450 U.S. at 30. At the time Weaver was convicted of his commitment offense, he was eligible for a specific number of gain-time credits awarded for good conduct. However, two years into his prison sentence, Florida reduced the number of gain-time credits inmate Weaver could accrue. As a result, inmate Weaver was "disadvantaged by the reduced opportunity to shorten his time in prison simply through good conduct." Id. at 33–34. The amendment reduced inmate Weaver's credits through no fault of his own. The only conduct triggering the application of the gain-time statute to inmate Weaver was his commission of the commitment offense, which took place two years prior to the amendment. Thus, the new law effectively lengthened inmate Weaver's prison term.

In Lynce, the Supreme Court applied the two-part test set forth in Weaver to determine if a Florida law which revoked overcrowding credits that had already been awarded was ex post facto. Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). The Court held the new law "retroactively cancelled all provisional credits awarded to inmates convicted of murder or attempted murder." Id. at 436. The law clearly disadvantaged inmate Lynce because it "had the effect of lengthening [Lynce's] period of incarceration." Id. at 443. As in Weaver, the only conduct triggering the new application of the law was the commission of the crime years earlier.

In this instance, unlike the amendments in Weaver and Lynce, Section 2933.6 is not ex post facto because it is not retrospective, i.e. it does not punish inmates for conduct that was completed before the effective date of the amendment-January 25, 2010. Cal.Penal Code § 2933.6(a). 2933.6; Kansas v. Hendricks, 521 U.S. 346, 370–371, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (holding Kansas' Sexually Violent Predator Act is not an ex post facto law because, among other reasons, it is not retrospective since it permits involuntary confinement based on a determination of current mental disorder "and does not criminalize conduct legal before its enactment, nor deprive [petitioner] of any defense that was available to him at the time of his crimes.") Instead, the

amendment to the law applies to Petitioner because of his continued association with the Mexican Mafia *after* January 25, 2010. Cal.Penal Code § 2933.6(a). <u>See</u> Petition, Ex. B.  If Petitioner had not been an active associate of the gang after January 25, 2010, the law would not apply to him. <u>Id</u>.

   Furthermore, the fact that Petitioner was convicted of his commitment offense and validated as a prison-gang associate before January 25, 2010 is of no consequence to the ex post facto analysis here because the conduct being punished -active association with a prison gang- is continuing in nature and has continued after January 25, 2010. <u>See, e.g.,</u> <u>Madrid v. Gomez</u>, 889 F.Supp. 1146, 1270–1279 (N.D.Cal.1995) (upholding the gang validation process and the accompanying periodic reviews to ensure inmates are properly placed in the security housing unit based on their continuing gang affiliation); Cal.Code Regs. tit. 15, § 3378(c)(1) (defining current prison gang activity "as any documented gang activity within the past six (6) years.")  Moreover, Petitioner does not allege he has been deprived of any previously earned credits, and Petitioner can drop out of his prison gang and restore his credit eligibility at any time by completing the debriefing process. Cal.Penal Code § 2933.6(a); Cal.Code Regs. tit. 15, § 3378.1.  Thus, there is no merit to Petitioner's claim that section 2933.6 is an ex post facto law violation, and the state court determinations Petitioner challenges were not contrary to or an unreasonable application of existing Supreme Court precedent. Nor has Petitioner set forth clear and convincing evidence that the state courts made any factual errors.

### D.  Certificate of Appealability

   A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

  (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

   (B) the final order in a proceeding under section 2255.

  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

  (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2. The Clerk of the Court is DIRECTED to enter judgment and close the case; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

 Dated: __June 1, 2012__    __/s/ Gary S. Austin__
                UNITED STATES MAGISTRATE JUDGE