1

2

3

4

5

6

7

8

9

10

11

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

12   MICHAEL A. SAAVEDRA,                          1:12-CV-00796 GSA HC

13                        Petitioner,              ORDER DENYING PETITIONER'S
                                                   MOTION FOR RECONSIDERATION
14         v.
                                                   [Doc. #8]
15   MATTHEW CATE,

16                        Respondent.
     _____/

17

18         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.

20         On June 1, 2012, the undersigned summarily dismissed the petition for failure to state a

21   cognizable claim for relief.  On August 22, 2012, Petitioner filed a motion for reconsideration

22   pursuant to Federal Rules of Civil Procedure § 60(b).

23         Rule 60(b) of the Federal Rules of Civil Procedure provides:

24         On motion and just terms, the court may relieve a party or its legal representative from a final
           judgment, order, or proceeding for the following reasons:
25                 (1) mistake, inadvertence, surprise, or excusable neglect;
                   (2) newly discovered evidence that, with reasonable diligence, could not
26                       have been discovered in time to move for a new trial under Rule 59(b);
                   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
27                       misconduct by an opposing party;
                   (4) the judgment is void;
28                 (5) the judgment has been satisfied, released, or discharged; it is based on an earlier

U.S. District Court
E. D. California                                    1

1    judgment that has been reversed or vacated; or applying it prospectively is no
     longer equitable; or
2        (6) any other reason that justifies relief.

3        Petitioner does not set forth any arguments or evidence that have not already been considered

4    by this Court.  Petitioner argues again that the January 25, 2010, amendment to California Penal

5    Code § 2933.6 violates the Ex Post Facto Clause because it changes the consequences of his 2009

6    gang validation by denying him the ability to earn credits.  Petitioner's contention is rejected for the

7    same reasons previously stated.  The amendment does not violate the Ex Post Facto Clause because

8    it does not retroactively deny credits Petitioner has already earned.  See Weaver v. Graham, 450 U.S.

9    24, 29 (1981).  It is prospective in nature.  It denies Petitioner the opportunity to earn credits from the

10   date of the amendment forward, based on his continued validation as a gang member.  No previously

11   earned credits were forfeited.  (See Petition, Ex. E.)  Petitioner's arguments present no basis for

12   relief.

13       Accordingly, Petitioner's motion for reconsideration is DENIED.

14

15       IT IS SO ORDERED.

16   **Dated:    August 28, 2012**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28