1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11 | MICHAEL A. SAAVEDRA,                             1:12-CV-00796 GSA HC
                                                     Appeal No. 12-17217
12 |                    Petitioner,

13 |        v.                                       ORDER DECLINING ISSUANCE OF
                                                     CERTIFICATE OF APPEALABILITY

14 | MATTHEW CATE,                                   ORDER DIRECTING CLERK OF COURT
                                                     TO SERVE COPY OF ORDER ON NINTH
15 |                    Respondent.                  CIRCUIT COURT OF APPEALS
                                              /

16

17        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19        On June 1, 2012, this Court issued an order dismissing the petition with prejudice.  Petitioner

20   filed a motion for reconsideration on August 22, 2012.  On August 28, 2012, this Court denied the

21   motion for reconsideration.  Petitioner filed a notice of appeal of the motion and the appeal was

22   processed to the Ninth Circuit Court of Appeals.  On November 15, 2012, the Ninth Circuit

23   remanded the case to this Court for the limited purpose of granting or denying a certificate of

24   appealability.[1]

25        A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

26   district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-

27

28        [1] A certificate of appealability was denied as to the order dismissing the petition, but none was considered with respect to the denial of the motion for relief.

1  El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue

2  a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

3      (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
    district judge, the final order shall be subject to review, on appeal, by the court
4      of appeals for the circuit in which the proceeding is held.

5      (b) There shall be no right of appeal from a final order in a proceeding to test the
    validity of a warrant to remove to another district or place for commitment or trial
6      a person charged with a criminal offense against the United States, or to test the
    validity of such person's detention pending removal proceedings.

7
    (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an
8              appeal may not be taken to the court of appeals from–

9              (A) the final order in a habeas corpus proceeding in which the
                detention complained of arises out of process issued by a State
10              court; or

11              (B) the final order in a proceeding under section 2255.

12              (2) A certificate of appealability may issue under paragraph (1) only if the
                applicant has made a substantial showing of the denial of a constitutional right.
13
                (3) The certificate of appealability under paragraph (1) shall indicate which
14              specific issue or issues satisfy the showing required by paragraph (2).

15          If a court denies a petitioner's petition, the court may only issue a certificate of appealability

16  "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

17  that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

18  further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the

19  petitioner is not required to prove the merits of his case, he must demonstrate "something more than

20  the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at

21  338.

22          In the present case, the Court finds that reasonable jurists would not find the Court's denial of

23  Petitioner's motion debatable or wrong.  After due consideration of the petition, the Court dismissed

24  the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Dismissal was mandated

25  because "it plainly appear[ed] from the petition and any attached exhibits that the petitioner [wa]s

26  not entitled to relief." See Rule 4, Rules Governing Section 2254 Cases.  Further briefing was

27  unnecessary, and therefore under Rule 4, inappropriate.

28          As discussed in the order dismissing the petition, California Penal Code § 2933.6 is not

1    retrospective.  It punishes current conduct, to wit, active membership in a prison gang.  Therefore, it

2    does not violate the Ex Post Facto Clause.  Weaver v. Graham, 450 U.S. 24, 29 (1981) (for a law to

3    be ex post facto, it must be both disadvantageous to the offender *and retrospective*); see, e.g., Kansas

4    v. Hendricks, 521 U.S. 346, 370-71 (1997) (holding Kansas' Sexually Violent Predator Act is not an

5    ex post facto law because, among other reasons, it is not retrospective since it permits involuntary

6    confinement based on a determination of current mental disorder "and does not criminalize conduct

7    legal before its enactment, nor deprive [petitioner] of any defense that was available to him at the

8    time of his crimes.")  Moreover, there is no Supreme Court authority "squarely" establishing that

9    California's modification of § 2933.6 constitutes an ex post facto violation, Harrington v. Richter,

10   ___ U.S. ___, 131 S.Ct. 770, 786 (2011), and the Supreme Court has certainly not considered an ex

11   post facto violation in the "context" in which Petitioner's claims fall. Premo v. Moore, ___ U.S. ___,

12   131 S.Ct. 733, 737 (2011).  To the contrary, the most reasonable extension of Supreme Court

13   authority would be the opposite. See, e.g., Kansas, 521 U.S. at 370-71 (application in the context of a

14   sexually violent predator act).  Nevertheless, it is beyond this Court's habeas authority to extend

15   Supreme Court precedent to a context the Supreme Court has not addressed. Premo, 131 S.Ct. at

16   737.

17        Accordingly, the Court hereby DECLINES to issue a certificate of appealability. The Clerk of

18   Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals.

19

20        IT IS SO ORDERED.

21    **Dated:   November 19, 2012**              _____ /s/ **Gary S. Austin** _____
                                                  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28