UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. SAAVEDRA, | 1:12-CV-00796 GSA HC<br>Appeal No. 12-17217 |
| Petitioner, | |
| | ORDER DECLINING ISSUANCE OF |
| v. | CERTIFICATE OF APPEALABILITY |
| MATTHEW CATE, | ORDER DIRECTING CLERK OF COURT<br>TO SERVE COPY OF ORDER ON NINTH |
| Respondent. | CIRCUIT COURT OF APPEALS |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 1, 2012, this Court issued an order dismissing the petition with prejudice. Petitioner filed a motion for reconsideration on August 22, 2012. On August 28, 2012, this Court denied the motion for reconsideration. Petitioner filed a notice of appeal of the motion and the appeal was processed to the Ninth Circuit Court of Appeals. On November 15, 2012, the Ninth Circuit remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability.[1]

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-

---

[1] A certificate of appealability was denied as to the order dismissing the petition, but none was considered with respect to the denial of the motion for relief.

El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's denial of Petitioner's motion debatable or wrong.  After due consideration of the petition, the Court dismissed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Dismissal was mandated because "it plainly appear[ed] from the petition and any attached exhibits that the petitioner [wa]s not entitled to relief."  See Rule 4, Rules Governing Section 2254 Cases.  Further briefing was unnecessary, and therefore under Rule 4, inappropriate.

As discussed in the order dismissing the petition, California Penal Code § 2933.6 is not

retrospective. It punishes current conduct, to wit, active membership in a prison gang. Therefore, it does not violate the Ex Post Facto Clause. Weaver v. Graham, 450 U.S. 24, 29 (1981) (for a law to be ex post facto, it must be both disadvantageous to the offender *and retrospective*); see, e.g., Kansas v. Hendricks, 521 U.S. 346, 370-71 (1997) (holding Kansas' Sexually Violent Predator Act is not an ex post facto law because, among other reasons, it is not retrospective since it permits involuntary confinement based on a determination of current mental disorder "and does not criminalize conduct legal before its enactment, nor deprive [petitioner] of any defense that was available to him at the time of his crimes.") Moreover, there is no Supreme Court authority "squarely" establishing that California's modification of § 2933.6 constitutes an ex post facto violation, Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770, 786 (2011), and the Supreme Court has certainly not considered an ex post facto violation in the "context" in which Petitioner's claims fall. Premo v. Moore, ___ U.S. ___, 131 S.Ct. 733, 737 (2011). To the contrary, the most reasonable extension of Supreme Court authority would be the opposite. See, e.g., Kansas, 521 U.S. at 370-71 (application in the context of a sexually violent predator act). Nevertheless, it is beyond this Court's habeas authority to extend Supreme Court precedent to a context the Supreme Court has not addressed. Premo, 131 S.Ct. at 737.

      Accordingly, the Court hereby DECLINES to issue a certificate of appealability. The Clerk of Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals.

      IT IS SO ORDERED.

Dated:   **November 19, 2012**                            /s/ **Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE